**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

___Southern___ District of ___New York___

Case number *(if known)*: _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1.  **Debtor's name** | Modern Land (China) Co., Limited |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other __170388__ . Describe identifier _Cayman Islands registration number_ .

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

3. **Name of foreign representative(s)**

Zhang Peng

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Scheme proceedings under section 86 of the Cayman Islands Companies Act

5. **Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor    Modern Land (China) Co., Limited
_____
Name

Case number (if known)_____

---

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Cayman Islands
_____

**Debtor's registered office:**

Cricket Square, Hutchins Drive
_____
Number        Street

P.O. Box 2681
_____
P.O. Box

Grand Cayman, KY1-1111
_____
City        State/Province/Region    ZIP/Postal Code

Cayman Islands
_____
Country

**Individual debtor's habitual residence:**

_____
Number        Street

_____
P.O. Box

_____
City        State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

No. 1 Xiang He Yuan Road
_____
Number        Street

_____
P.O. Box

Dong Cheng, Beijing
_____
City        State/Province/Region    ZIP/Postal Code

People's Republic of China
_____
Country

---

**10.  Debtor's website** (URL)

https://www.modernland.hk
_____

---

**11.  Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

　　❑  Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

　　❑  Partnership        An exempted company with limited liability

　　☑  Other.  Specify:  incorporated under the laws of the Cayman Islands

❑ Individual

---

| Debtor | Modern Land (China) Co., Limited | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____          _____
Signature of foreign representative                    Printed name

Executed on _____
                MM  / DD / YYYY

✗ _____          _____
Signature of foreign representative                    Printed name

Executed on _____
                MM  / DD / YYYY

---

**14. Signature of attorney**

✗ _____          Date  6 / 3 / 2022
Signature of Attorney for foreign representative              MM / DD / YYYY

Anthony Grossi
Printed name

Sidley Austin LLP
Firm name

787 Seventh Avenue
Number          Street

New York                                          NY          10019
City                                                  State        ZIP Code

(212) 839-5599                                    agrossi@sidley.com
Contact phone                                      Email address

4832291                                            NY
Bar number                                          State

---

**12. Why is venue proper in this district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

✗ _____          Zhang Peng
  Signature of foreign representative         Printed name

Executed on   06   03   2022
            MM / DD / YYYY

✗ _____          _____
  Signature of foreign representative         Printed name

Executed on   _____
            MM / DD / YYYY

**14. Signature of attorney**

✗ _____          Date _____
  Signature of Attorney for foreign representative     MM / DD / YYYY

Anthony Grossi
Printed name
Sidley Austin LLP
Firm name
787 Seventh Avenue
Number     Street
New York                                     NY        10019
City                                         State     ZIP Code

(212) 839-5599                               agrossi@sidley.com
Contact phone                                Email address

4832291                                      NY
Bar number                                   State

## Exhibit A

**Convening Order**



## IN THE GRAND COURT OF THE CAYMAN ISLANDS

### FINANCIAL SERVICES DIVISION

In Chambers
31 May 2022
Before the Honourable Chief Justice Anthony Smellie

**CAUSE NO: FSD 96 OF 2022 (ASCJ)**

### IN THE MATTER OF SECTION 86 OF THE COMPANIES ACT (2022 REVISION)

**AND**

### IN THE MATTER OF MODERN LAND (CHINA) CO., LIMITED

---

### ORDER

---

**UPON** the application of Modern Land (China) Co., Limited (the "**Company**") by its Summons dated 14 April 2022 (the "**Summons**")

**AND UPON** reading the Petition dated 14 April 2022 (the "**Petition**")

**AND UPON** reading the First Affirmation of Zhang Peng; the First Affidavit of Yeung King Shan Fanny; the First Affidavit of Anthony Grossi, and the exhibits thereto

**AND UPON** hearing Counsel for the Company

This ORDER was filed by Maples and Calder (Cayman) LLP, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CJM/NDS/JRN/798657.000002)

**AND UPON** the basis that all capitalised terms not otherwise defined in this Order shall have the meaning given to them in the draft scheme of arrangement (the "**Scheme**") and the draft explanatory statement in relation to the Scheme (the "**Explanatory Statement**"), in the form exhibited in Exhibit ZP-1 to the First Affirmation of Zhang Peng

**IT IS HEREBY DECLARED THAT,** the relevant class of creditors affected by the proposed Scheme comprises the persons with an economic or beneficial interest as principal in the Existing Notes as at the Voting Record Time (the "**Scheme Creditors**").

**AND IT IS HEREBY ORDERED AND DIRECTED THAT**:

1        The Company has permission to convene a single meeting (the "**Scheme Meeting**") of the Scheme Creditors at 7:00 am (Cayman Islands time) / 8:00 pm Hong Kong time on 29 June 2022 at the offices of Maples and Calder (Cayman) LLP at Ugland House, South Church Street, Grand Cayman KY101194, Cayman Islands, for the purpose of considering and, if thought fit, approving (with or without modification) the Scheme (subject to applicable COVID-19 restrictions, policies or guidance then in force in the Cayman Islands, and in which case any changes in arrangements relating to the Scheme Meeting shall be communicated to Scheme Creditors as soon as possible in advance of the Scheme Meeting on the Transaction Website and by a public announcement published on The Stock Exchange of Hong Kong Limited).

2        The Company has permission to set a record date of immediately after the close of business and cessation of trading of the Clearing Systems on 30 May 2022 for the purposes of determining the creditors of the Company entitled to receive notice of the Scheme Meeting.

3        The Company has permission to set a record time of immediately after the close of business and cessation of trading of the Clearing Systems on 27 June 2022 (the "**Voting Record Time**") for the purposes of determining each Scheme Creditor's economic or beneficial interest as principal in the Existing Notes (the "**Scheme Claim**").

4        The Company has permission to set the Voting Record Time as the latest date on which the Information Agent must receive a valid Account Holder Letter in order for the Scheme Creditors' voting instructions to be taken into account for the purposes of the Scheme Meeting.

5     In the event that it is necessary or appropriate to adjourn the Scheme Meeting, the Company shall notify the Scheme Creditors that there is an adjournment of the Scheme Meeting and as to the time of the adjourned Scheme Meeting as soon as practicable.

6     Notice of the Scheme Meeting ("**Scheme Meeting Notice**"), and any adjournment of the Scheme Meeting, shall be given to Scheme Creditors not less than 28 days before the Scheme Meeting:

      (a)    by notice on the Transaction Website;

      (b)    through the Clearing Systems in accordance with the procedures described in the First Affidavit of Yeung King Shan Fanny;

      (c)    by announcement on The Stock Exchange of Hong Kong Limited; and

      (d)    by causing the Information Agent to send the notice via electronic mail to each person for whom the Information Agent has contact details.

7     The Scheme Meeting Notice shall be in substantially the same form as appended to the Explanatory Statement.

8     When distributing the Scheme Meeting Notice in accordance with paragraph 6 above, the Information Agent shall also include the final form of the Explanatory Statement (of which the Scheme Meeting Notice forms part) or an electronic link thereto, which contains, amongst other things:

      (a)    the Scheme at Appendix 3;

      (b)    a Solicitation Packet (including the Account Holder Letter) at Appendix 5; and

      (c)    the form of the New Notes Indentures at Appendix 8.

9     The final form of the Explanatory Statement shall be substantially in the form exhibited in Exhibit ZP-1 to the First Affirmation of Zhang Peng.

10    The accidental omission to serve any Scheme Creditor with the Scheme Meeting Notice, or the non-receipt by any Scheme Creditor of the Scheme Meeting Notice, shall not invalidate the proceedings at the Scheme Meeting.

11    Mr. Cleveland Stewart, a Senior Vice President of MaplesFS Limited, or, failing him, another representative of MaplesFS Limited, be appointed Chairperson of the Scheme Meeting ("**Chairperson**") on behalf of the Company, and within three days of the Scheme Meeting, the Chairperson shall provide to the Court a report on the proceedings at and the result of the Scheme Meeting.

12    The Account Holder Letter (including the form of proxy contained therein) be approved for use at the Scheme Meeting.

13    The Chairperson be entitled to accept, without further investigation, the signature on any Account Holder Letter as being the authority of the signatory to cast the votes in accordance with the instructions outlined in the Solicitation Packet.

14    The Chairperson be responsible for determining, in accordance with the relevant provisions in the Explanatory Statement, the entitlement of and value for which any Scheme Creditor be permitted to vote at the Scheme Meeting by reference to the information provided in each Scheme Creditor's Account Holder Letter.

15    The Scheme Claims shall be determined as at the Voting Record Time for the purposes of determining a Scheme Creditor's entitlement to the Scheme Consideration by reference to the information provided in each Scheme Creditor's Account Holder Letter.

16    The Chairperson be at liberty to adjourn the Scheme Meeting in his or her sole discretion provided that, if adjourned, the Scheme Meeting will recommence as soon as reasonably practicable thereafter, by notice to the Scheme Creditors in the same manner as notice was given to them by the Information Agent pursuant to paragraph 6.

17    Any person validly appointed as proxy for a Scheme Creditor in accordance with the instructions set out in the Solicitation Packet may attend and speak at the Scheme Meeting.

18    Zhang Peng be appointed as duly authorised foreign representative of the Company and be authorised to seek relief under Chapter 15 of Title 11 of the United States Bankruptcy Code, and to take such steps arising in connection therewith.

19    The Company be granted leave to amend paragraph 38 of the Petition ("**Amended Petition**") as follows:

> "As at 30 June 2021, the Group's non-current assets amounted to approximately RMB15,259,374,000 and the Group's current assets amounted to approximately RMB83,176,212,000."

20    The Amended Petition be listed to be heard on 5 July 2022 at 10:00 am (Cayman Islands time).

21    There be liberty to apply generally.

DATED this 31st day of May 2022

FILED this 31st day of May 2022

**The Honourable Chief Justice Anthony Smellie**
**JUDGE OF THE GRAND COURT**

**<u>Exhibit B</u>**

**Statements of Foreign
Representative Required by Section 1515(c) of the
Bankruptcy Code and Rule 1007(a)(4) of the Fed. R. of Bankr. P.**

**SIDLEY AUSTIN LLP**
Anthony Grossi
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

**SIDLEY AUSTIN LLP**
Juliana Hoffman (*pro hac vice* pending)
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
Telephone:  (214) 969-3581
Facsimile:  (214) 981-3400

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Modern Land (China) Co., Limited,[1] | Case No. 22-_____(__) |
| Debtor in Foreign Proceeding. | |

**STATEMENTS OF FOREIGN**
**REPRESENTATIVE REQUIRED  BY SECTION 1515(c) OF THE**
**BANKRUPTCY CODE AND RULE 1007(a)(4) OF THE  FED. R. OF BANKR. P.**

Mr. Zhang Peng, in his capacity as the authorized foreign representative (the "Foreign Representative") for the above-captioned debtor (the "Debtor" and, together with its non-Debtor affiliates, the "Company") that is the subject of a restructuring proceeding entitled *In the Matter of Modern Land (China) Co., Limited* (the "Cayman Proceeding"), concerning a scheme of

---

[1]  The Debtor is incorporated in the Cayman Islands as an exempted company with limited liability, and registered with registration number 170388. The Debtor's registered office is located at Cricket Square, Hutchins Drive, P.O. Box 2681, Grand Cayman, KY1-1111, Cayman Islands.

arrangement between the Debtor and Scheme Creditors pursuant to section 86 of the Cayman Islands Companies Act (2022 Revision) (the "Companies Act") and currently pending before the Grand Court of the Cayman Islands (the "Cayman Court"), Cause Number 96 of 2022 (ASCJ), by and through his undersigned counsel, respectfully submits these lists pursuant to rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and makes the following statements required by section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code"):[2]

**A.    Corporate Ownership Statement Required by Bankruptcy Rules 1007(a)(4)(A) and 7007.1**

After conducting a good-faith inquiry, the Foreign Representative is aware of the following corporations, other than governmental units, that directly or indirectly own ten percent (10%) or more of any class of the Debtor's equity interests and the Foreign Representative has not received any notification otherwise that would lead him to believe that the same is not true as of the date of this schedule except as specifically described herein:

- Super Land Holdings Limited is the registered holder of 65.38% of the Debtor's equity interests;

- Fantastic Energy Holdings Limited is an indirect shareholder of the 65.38% of the Debtor's equity interests held by Super Land Holdings Limited; and

---

[2] Capitalized terms used but not otherwise defined are given their meaning in the *Declaration of Zhang Peng in Support of the Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Peng Declaration") and the *Declaration of Caroline Moran as Cayman Islands Counsel to the Debtor in Support of the Motion for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Moran Declaration"), as applicable.

- TMF (Cayman) Limited is an indirect shareholder of the 65.38% of the Debtor's equity interests held by Super Land Holdings Limited.[3]

**B.**    **Statement Required by Bankruptcy Code Section 1515(c)**

The Foreign Representative submits that there is no foreign proceeding (as that term is defined in section 101(23) of the Bankruptcy Code) with respect to the Debtor known to him other than the Cayman Proceeding.

**C.**    **Administrators in Foreign Proceeding Concerning the Debtor**

Zhang Peng is the only authorized Foreign Representative in the Cayman Proceeding.  The Foreign Representative's address is as follows:

> Zhang Peng
> No. 1 Xiang He Yuan Road
> Dong Cheng, Beijing
> People's Republic of China

**D.**    **All Parties to Litigation Pending in the United States in which the Debtor is a Party at the Time of Filing of the Petition**

None.

**E.**    **Entities Against Whom Provisional Relief is Sought**

None.

---

[3] As described in in the explanatory statement for the Scheme (the "Explanatory Statement"), the entire issued share capital of Super Land Holdings Limited is wholly-owned by Fantastic Energy Holdings Limited, the entire issued share capital of which is in turn wholly-owned by TMF (Cayman) Limited as the trustee of the family trust. The family trust is a discretionary trust established by Mr. Zhang Lei as the settlor and protector and the capital and income beneficiaries of the family trust include Mr. Zhang Lei, Mr. Salum Zheng Lee (the younger brother of Mr. Zhang Lei), and their family members.  A copy of the Explanatory Statement is attached as **Exhibit D** to the Moran Declaration.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is, to the best of my knowledge, information and belief, complete, true, and correct.

Dated: June 3, 2022

/s/ *Zhang Peng*
Zhang Peng
Foreign Representative of
Modern Land (China) Co.,
Limited

4